# EXHIBIT B




CAUSE NO. CL-13-4000-D

| | | |
|---|---|---|
| ROLANDO FLORES, Plaintiff | § | IN THE COUNTY COURT |
| VS. | § | AT LAW NO. 4 |
| CINTAS - RUS, L.P. d/b/a CINTAS CORPORATION, Defendant | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF ROLANDO FLORES' ORIGINAL PETITION**

**TO THE HONORABLE COURT:**

**COMES NOW, ROLANDO FLORES,** (hereinafter referred to as Plaintiff) complaining of **CINTAS - RUS, L.P. d/b/a CINTAS CORPORATION,** (hereinafter referred to as the Defendant employer and/or the Defendant corporation) and for such causes of action would respectfully show unto the Court and the Jury as follows:

**I.**

**Discovery Level**

1.1 Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190. Plaintiff Rolando Flores requests that discovery be conducted under Level 3, and that non-expedited discovery rules apply as damages exceed $100,000.00.



## II.

## Parties

2.1 Plaintiff, ROLANDO FLORES, is an individual residing in Brownsville, Cameron County, Texas.

2.2 Defendant, CINTAS - RUS. L.P. d/b/a CINTAS CORPORATION, is a Texas entity authorized to and doing business in the State of Texas with a registered agent in the State of Texas which may be served pursuant to Rule 28 of the Texas Rules of Civil Procedure with citation in its assumed name *via certified mail, return receipt requested,* by serving its Registered Agent as follows:

Corporation Service Company
d/b/a CSC - Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

2.3 Service of citation is requested via ***Certified Mail, Return Receipt Requested***.

## III.

## Venue and Jurisdiction

3.1 Venue is proper in Hidalgo County, Texas in that the incident made the basis of this cause of action occurred in Mercedes, Hidalgo County, Texas.

## IV.

## Administrative Procedures

4.1 Within 180 days of the occurrence of the acts complained of, plaintiff filed his initial complaint with the Texas Commission on Human Rights, now known as, the Texas Workforce Commission – Civil Rights Division, alleging that the Defendant employer had

committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act ("TCHRA"). The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

Formal Complaint Filed: April 12, 2013

Notice of Right to File
A Civil Action Letter Received: November 8, 2013

4.2 On November 8, 2013, Plaintiff received from the Texas Commission on Human Rights, now known as the Texas Workforce Commission – Civil Rights Division, Plaintiff's Notice of Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt. Plaintiff's statutory claims have been filed within sixty days of its receipt. A copy of this notice is attached as **Exhibit "A"** and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

**V.**

**No Federal Claims Made**

5.1 Plaintiff hereby gives notice that the only causes of action he intends to litigate are those concerning rights afforded to him under the Texas Constitution, the Texas Labor Code, the Texas Commission on Human Rights Act, rights afforded to him by the Texas Workforce Commission – Civil Rights Division and the Common Law of the

Sovereign State of Texas. The Plaintiff hereby affirmatively avers that he has not alleged any federal cause of action.

VI.

**Factual Background**

6.1 Plaintiff Rolando Flores accepted employment with the Defendant corporation on or about October 3, 1994 as an entry level Truck Driver. As a result of Plaintiff's hard work, he was eventually promoted to the position of Service Manager earning approximately $55,000.00 annually plus significant bonuses and fringe benefits as a salaried member of management for the company. During his almost 19 years of employment with the Defendant corporation, Plaintiff performed all the duties assigned to him with dedication, hard work and undivided loyalty.

6.2 During the last six (6) months of his employment, Plaintiff was subjected to a disparate treatment and/or a hostile work environment on account of his age (56; DOB: 07/21/1956). On or about February 22, 2013, Plaintiff was called to a meeting with Diego Nucete, Branch Manager and Rudy Partida, Human Resources Director, where he was notified that he was fired effective immediately for "officiating a softball game" against company policy. During Plaintiff's career with the Defendant corporation, Plaintiff had faithfully served as a TASO (Texas Association of Sport Officials) UIL official or referee for high school softball and volleyball games. This company sanctioned activity allowed Plaintiff to cultivate business for his employer and was encouraged as he had direct contact with customers and potential new customers. Prior to Plaintiff's suspension and subsequent termination, he had not been reprimanded or asked to stop performing his TASO duties. Although the Defendant corporation was aware of Plaintiff's TASO duties

as a UIL official for the last 19 years, the company falsely claimed that it was suddenly unaware of this activity and also claimed that Plaintiff did not properly issue a written warning to a subordinate employee. Plaintiff asserts that he was wrongfully and illegally discharged and that he was given a pretextual reason to mask the discriminatory animus directed at him.

6.3 Plaintiff alleges and intends to prove that he was discriminated against in the workplace and that a motivating and/or determining factor in his wrongful termination was on account of his age (56: DOB: 07/21/1956) in violation of the Texas Commission on Human Rights Act ("TCHRA").

## VII.

## Causes of Action - Wrongful Termination

### A. Violations of the Texas Commission on Human Rights Act ("TCHRA").

7.1 Plaintiff re-alleges the allegations contained in Section VI, entitled *Factual Background*.

7.2 On or about February 22, 2013, Plaintiff was wrongfully and illegally discharged by the Defendant corporation. Plaintiff asserts that he was wrongfully and illegally discharged and that he was given a pretextual reason to mask the discriminatory animus directed at him. Plaintiff asserts that he was discriminated against in violation of the Texas Commission on Human Rights Act ("TCHRA") on account of his protected status of age (56; DOB: 07/21/1956).

7.3 On or about February 22, 2013, Plaintiff was wrongfully terminated and was illegally discriminated against due to the culmination of discriminatory conduct directed against him by the Defendant corporation. The Defendant corporation discriminated

against the Plaintiff and wrongfully terminated the Plaintiff on account of his protected status, age (56; DOB: 07/21/1956).

**Section 21.051 Discrimination by Employer**

> An employer commits an ***unlawful employment practice*** if because of race, color, disability, religion, sex, national origin, or ***age***, the employer:
>
> 1. ***Fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment***; or
>
> 2. ***Limits, segregates or classifies*** an employee or applicant for employment in a manner that would deprive or tend to deprive an ***individual of any employment opportunity or adversely affect in any other manner the status of the employee.***
>
> (Vemon's 2011)(emphasis added).

7.4 Further, Plaintiff alleges that his termination was a form of retaliation because of his complaints of workplace discrimination. Such actions are prohibited by an employer as follows:

**Section 21.055, Retaliation**

> ***An employer***, labor union or employment agency ***commits an unlawful employment practice if the employer***, labor union or employment agency ***retaliates*** or ***discriminates*** against a person who, under this Chapter:
>
> 1. ***Opposes discriminatory practice***;
>
> 2. Makes or files a charge;
>
> 3. Files a complaint; or
>
> 4. ***Testifies, assists or participates in any manner in an investigation, proceeding or hearing.***
>
> (Vemon's 2011)(emphasis added).

7.5 The Defendant corporation, its agents, servants and employees illegally discharged or in some other manner discriminated against Plaintiff on account of his protected category status and/or protected activity status under Texas law.

7.6 As a result of the discriminatory treatment, his ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

**VIII.**

**Actual Damages**

8.1 As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**A. Lost Earnings and Special Damages**

8.2 At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendant employer, the Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

**B. Past and Future Mental Anguish**

8.3 As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress,

loss of enjoyment of life, mental anguish, inconvenience and other hedonic damages. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill health effects including but not limited to agitation, restlessness, nausea, gastro-intestinal issues, sleeplessness, depression and loss of self-esteem due to the discriminatory treatment and/or his illegal termination. In all reasonable probability, the Plaintiff will continue to suffer such emotional distress, loss of enjoyment of life, mental anguish, inconvenience and other hedonic damages for a long time into the future, if not for the balance of his natural life.

## IX.

## Attorney's Fees

9.1 By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party" in this action, Plaintiff is entitled to recover his attomey's fees from the Defendant corporation in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attomey to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attomey's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant corporation will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attomey's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, legal assistants, paralegals and/or law clerks

that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

X.

**Exemplary Damages**

10.1 The conduct of the Defendant employer, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant corporation's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant corporation acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant corporation and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant corporation as a result of its egregious violations of the law.

XI.

**Demand for Trial by Jury**

11.1 Plaintiff, by and through his attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($22.00) with the County Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE**, Plaintiff, **ROLANDO FLORES,** prays that this Honorable Court grant the following:

(1) Judgment against the Defendant corporation, **CINTAS - RUS, L.P. d/b/a CINTAS CORPORATION** for all of the Plaintiff's actual damages;

(2) Punitive damages;

(3) Attorney's fees;

(4) Pre-judgment interest allowed by law;

(5) Interest on said judgment at the legal rate from the date of judgment;

(6) For costs of suit herein; and

(7) For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF**
**CARLOS E. HERNANDEZ, JR., P.C.**
200 E. Cano Street
Edinburg, Texas 78539-4510
Telephone: (956) 386-0900
Facsimile: (956) 380-0771

By:________________________
Carlos E. Hernandez, Jr.
State Bar No. 00787681

**ATTORNEYS FOR PLAINTIFF,**
**ROLANDO FLORES**

# EXHIBIT "A"

COPY OF NOTICE OF RIGHT TO FILE A CIVIL ACTION

PLAINTIFF ROLANDO FLORES' ORIGINAL PETITION

101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us



(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free

**Texas Workforce Commission**
**Civil Rights Division**

11/5/2013

NOV 8 2013

**NOTICE OF RIGHT TO FILE A CIVIL ACTION**

*Rolando Flores*
c/o Carlos E. Hernandez, Jr.
LAW OFFICES OF CARLOS E. HERNANDEZ JR. PC
200 E. Cano St.
Edinburg, TX 78539

Re: *Rolando Flores v. CINTAS CORPORATION*
EEOC Complaint # 451-2013-01723
CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig
Division Director

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:

CINTAS CORPORATION
c/o Cola D. Bond
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202-3752

CERT-C-NCO2(6/92)

Texas Workforce Commission
Civil Rights Division
101 E. 15th Street, Room 144-T
Austin, TX 78778-0001

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES
02 1R $ 00.38⁴
0002096103 NOV 06 2013
MAILED FROM ZIP CODE 78701

NOV 8 2013

49 KQV-S3B 78539

**COUNTY OF HIDALGO**
ARTURO GUAJARDO, JR. - COUNTY CLERK
P.O. Box 58 / 100 N. Closner
Edinburg, Texas 78540







Presort
First Class Mail
ComBasPrice



U.S. POSTAGE PITNEY BOWES
ZIP 78539 $ 007.02²
02 1W
0001368216 DEC 26 2013

Cintas-Rus, L.P. D/B/A Cintas Corporation
Registered Agent, Corporation Service Company
D/B/A CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701